## Nys vs. Biemeret.

EJECTMENT: BOUNDARIES: EVIDENCE. *(1, 2) Monuments on land in dis-*
*pute the best evidence.  Evidence of the second and third degrees.  (3)*
*When finding against plaintiff in ejectment not disturbed.  (4)* AMEND-
MENT OF ANSWER *in ejectment.*

1. In determining disputed boundaries, original monuments will govern, if
   they can be found and identified *(Marsh v. Mitchell,* 25 Wis., 706); and
   if none such can be found at the lot or block in dispute, more distant
   monuments may be consulted, from which a survey and measurements
   may be made.
2. If no certain monuments can be found, nor any data to determine courses
   and distances, long continued occupancy and acquiescence, and even rep-
   utation and hearsay as to boundaries, may have weight; and, under the
   uncertainties as to monuments, courses, distances, etc., in this case, evi-
   dence of this nature was not objectionable.
3. Plaintiff in ejectment must show at least a *prima facie* case of title in
   himself; and in view of the unsatisfactory nature of the evidence in this
   case (for which see the opinion), this court cannot disturb the finding of
   the court below in favor of the defendant, whose possession accords with
   the common use and occupancy of the lots in his vicinity for many years.
4. The court may, on proper terms, permit an answer to be amended so as to
   deny allegations of the complaint not previously denied; and there was
   no abuse of discretion in this case in permitting defendant, after the
   cause was called, to amend his answer so as to deny plaintiff's alleged
   title to a certain lot 9, adjoining lot 8 owned by defendant, the answer
   having previously denied only that defendant had entered upon or occu-
   pied any part of said lot 9, and the real question litigated being as to the
   proper boundary between the two lots.

APPEAL from the Second County Court of *Brown*
County.

Ejectment, for a strip of land 22 feet in width, alleged to
be a part of lot 9, block 9 in Eastman's addition to the city of
Green Bay.  The complaint alleges that plaintiff, on the 5th
of November, 1875, was lawfully possessed, as owner in fee,
of said lot 9, according to the recorded plat thereof; and
that defendant, on etc., ousted him of a portion of said lot, to
wit, the strip above mentioned, and now claims title to the
same and unlawfully withholds it from the plaintiff, who is

Nys vs. Biemcret.

entitled to the possession thereof. The original answer denied all these averments except that of plaintiff's ownership and possession of said lot 9. After the cause was called for trial, defendant was permitted, against objection, to amend his answer by denying said last mentioned averment.

The trial was by the court without a jury. Plaintiff's title to lot 9 was proved, the only dispute being as to the boundary line between that lot and lot 8, immediately west thereof, owned and occupied by the defendant.

The general character of the evidence will sufficiently appear from the opinion. The court found, as facts, that Eastman's addition was laid out in 1857, and stakes placed at the starting point of the survey and at the corner of each block and lot; that no stone monument was placed, as certified by the surveyor [on the original plat], at the starting point of the survey; that the occupation of block 9, and the line between lots 8 and 9 in said block as then occupied, were in conformity with the survey as originally made and staked by the surveyor on the land itself; and that the strip in dispute was a part of lot 8 as originally surveyed.

Upon these findings the court rendered judgment for the defendant; from which the plaintiff appealed.*

---

* The accompanying diagram, *by omitting the dotted lines*, would represent a part of the original plat of Eastman's addition. Taking it in connection with the dotted lines, it will represent block 9 and adjoining blocks and streets as *actually occupied*, in their relation to the blocks and streets in Whitney's addition, adjacent to Harvey street on the south. In this view, the dotted line in lot 8, block 9, would represent the western boundary of lot 9, as claimed by the plaintiff. According to the recent surveys relied upon by the plaintiff, the east and west sides of Twelfth street in Eastman's addition, as actually occupied, should both be moved 22 feet westward, to correspond with the sides of Twelfth street in Whitney's addition. It would seem that Whitney's addition was platted before that of Eastman.

The width of lot 13, block 31, is not indicated by the plat. The actual width of lot 13, block 9, as occupied, is 31 feet. It appears that plaintiff owns that lot, and, under his claim, its breadth would be increased to 53 feet, making it a full lot.—REP.

# EASTMAN'S AVENUE

| 53 | | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 | 53 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 159 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |

*31*

| | 159 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | 16 | 15 | 14 |

## SMITH STREET

W

| STREET | 159 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |

*10*

E

| TWELFTH | 159 | .26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | 16 | 15 | 14 |

## DAY STREET

| | 159 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |

*9*

| | 159 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | 16 | 15 | 14 |

## HARVEY STREET

The cause was submitted on the brief of *John C. & A. C. Neville* for the appellant, and that of *L. J. Billings* for the respondent.

For the appellant it was contended, that the findings were contrary to the great weight of evidence. The testimony of the two surveyors, Suydam and Heyrman, gives the results of three surveys made from three different starting points or monuments, two of which (the stake at the corner of block 9, and the cedar post at the corner of block 4) were fixed and established when the original survey was made, and were intended to show the location and boundaries of the lots and blocks on the land itself. All these surveys agree in showing that the line is as claimed by the plaintiff. These monuments upon the land would control, even if they varied from the recorded plat *(Marsh v. Mitchell*, 25 Wis., 706); but in this case the original plat agrees with the monuments, since it shows that the actual existing line of block 9 should be moved 22 feet farther west to make the sides of Twelfth street continuous straight lines as represented on the plat. In view of such an obvious preponderance of evidence, this court ought not to hesitate in reversing the judgment. *Ely v. Daily*, 40 Wis., 52.

For the respondent it was argued, 1. That the plaintiff's own evidence would not have shown him entitled to a recovery, even if no evidence had been offered by the defendant. He did not attempt to prove that the occupation of the lots in block 9 was not in accordance with the original survey and with the stakes placed on the land itself by the surveyor. Claiming 22 feet west of his original line fence, he relies upon a recent survey to substantiate the claim. This evidence was immaterial and incompetent until it was shown that the original stakes or fixed monuments marking the boundaries of the lots and blocks were lost, and that the original boundaries could not be ascertained. *Fleischfresser v. Schmidt*, 41 Wis., 223; *Vroman v. Dewey*, 23 id., 530. 2. That it was conclu-

sively shown by defendant's evidence that the present occupa-
tion of the lots, blocks and streets is in accordance with the
lines indicated by the original stakes.   3. That certain facts
put in evidence created an estoppel against the plaintiff.

ORTON, J.   The survey and plat of Eastman's addition to
the city of Green Bay were made in 1857, by John V. Snydam,
county surveyor.   Acccording to the face of that plat, it seems
that the north tier of lots in block thirty-one are marked in
figures, showing their dimensions as fifty-three feet in width
by one hundred and fifty-nine in length, except lot thirteen,
the width of which is not given; and that the lots in blocks
ten and nine, immediately south of block thirty-one, cor-
respond in scale with those in that block, with no figures
thereon to indicate the width.   The strip of land in dispute is
claimed by the plaintiff to be twenty-two feet in width, on the
west side of lot nine, in block nine, which, if belonging to lot
nine, would make all the lots in that block, including lot
thirteen, the last lot in the block east, fifty-three feet in width;
but if belonging with lot eight, owned by the defendant, the
eastern lines of all the lots in that block would be moved east-
wardly twenty-two feet, and make lot thirteen fractional, of
thirty-one feet in width; and twelfth street, lying west of block
nine, would be moved correspondingly eastward, and would not
be straight with a street which meets it at the southwestern
corner of block nine, running northwardly from East River
through " Whitney's addition."

It is claimed by the plaintiff that the recorded plat shows
the lines and proportions of the lots, and the situation and
lines of the streets, and establishes his theory and claim to be
correct, and the strip in question to belong to lot nine; and
by the defendant, that the plat, giving no figures of the width
of lot thirteen, warrants the inference that, by the original sur-
vey and laying out of the land into lots and blocks, lot thir-
teen was made fractional, and less than fifty-three feet in width,
and therefore the strip belongs to lot eight.

Experience has shown that original surveys, and the lines and proportions of maps and plats, are very unreliable; and the evidence has certainly not established sufficiently the correctness of this plat to make it of much use on the question of boundary in this case; and especially when it inferentially tends to establish the claims of both parties.

The plaintiff's suit is in ejectment, and he must show at least a *prima facie* title to the premises in himself, and cannot recover upon either the weakness or want of title in the defendant.

The evidence of possession and acts of ownership, and of agreements or understandings as to lines or fences, is not of such a character, as, if admitted to be true as either side claims it, would establish a legal title, adverse possession, or estoppel; and, being in dispute, the finding of the circuit court on such matters will not be disturbed.

As reported, the evidence of Suydam as to his survey, made at the instance of at least one of the parties, is very uncertain, and somewhat contradictory. His testimony, in effect, is, that he commenced surveying and measuring from a cedar post which he set and established by the original survey, near the corner of block four; and that he run eastwardly, giving each lot its proper width, until he came to the west line of lot nine, which he found seventeen feet west of the fence as it now stands between lots eight and nine. He speaks of finding a stone, or "*the stone*," on the west side of block nine, but does not identify it as being an original monument. He testifies, that "he cannot say that the present lines, as occupied, are not according to the original survey."

In fact his whole testimony, as reported, is very meagre, disconnected and unsatisfactory, as evidence of a true boundary; and the same may be said of Heyrman and his evidence.

If original monuments can be found and identified, they will govern. *Marsh v. Mitchell*, 25 Wis., 706. Such monuments should be looked for at the lot or block in dispute; and

if none can be found there, more distant monuments may be consulted, from which a survey and measurement may be made. If no certain monuments can be found, nor any data to determine courses and distances, a lesser degree of testimony may be resorted to; and long continued occupancy and acquiescence, and even reputation and hearsay as to boundaries, may have weight. *Boardman v. Reed*, 6 Peters, 328; 1 Greenl. Ev., § 139. And, under the uncertainties as to monuments, courses, distances, calls and measurements, in this case, evidence of this nature was not objectionable.

It appears that the plaintiff, soon after coming into possession of lot nine, placed a fence on the line which the defendant claims is the true line, and such fence remained until the year 1875; and that certain lots in block eight, lying along twelfth street, were occupied and their lines determined and fences built by stakes standing in 1857, the year of the orignal survey; and that twelfth street itself has been used according to such lines for at least fifteen years; and that lots 25 and 29 in block nine were fenced by the owner according to stakes still standing on the four corners of the lots. This evidence tends very strongly to show the correctness of the lines of lots eight and nine as now occupied, and is in agreement with the common use and occupancy of these blocks for many years.

Considering the uncertainty and unsatisfactory nature of the evidence, we think we ought not to disturb the finding of the circuit court in respect to the true boundary of lot nine.

As to the error assigned for allowing the defendant to file an amended answer making a general denial, when the original answer failed to deny the allegations in the first subdivision of the complaint (relating to the title of the plaintiff), it is sufficient to say that a failure to *deny* does not amount to such a direct and affirmative *admission* as would bind the party. The facts not denied "are to be taken as true" for the purposes of the action under sec. 33, ch. 125, R. S., and require no proof. The

court might very properly, for good reasons shown and upon proper terms, allow an amendment, making a fuller denial of the facts, not at all in conflict with *Ballston Spa Bank v. The Marine Bank and others*, 16 Wis., 120; and we think it was discretionary with the court in this case to allow the amendment, and no abuse of such discretion.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., and LYON, J., took no part.