WELTON, Appellant, vs. POYNTER and another, Respondents.

*May 5 — May 21, 1897.*

*Ejectment: Disputed boundary: Location of government line: Presumptions: Voluntary location of boundary.*

1. Evidence of undisputed occupation and fencing for about thirty years in accordance with measurements based upon a reputed government quarter-section line, not only of the piece of land in controversy but of other parcels in that immediate neighborhood, raises a presumption that the line so recognized is the true one; and such presumption is not overcome by evidence that upon a resurvey, based upon no monuments, another line several rods distant was established.

2. In an action of ejectment involving a disputed boundary, evidence — showing, among other things, that the plaintiff and those through whom he claimed had for nearly thirty years held under deeds describing the eastern boundary of their premises as eight rods east of a certain quarter-section line, and that for such time a fence had stood upon a line eight rods east of the reputed quarter-section line, and plaintiff and his grantors had occupied up to such line fence and no further, without controversy — is *held* sufficient to show a location of the true line by the parties, followed by such long acquiescence as to make it binding on them and their privies.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Miner & Miner,* attorneys, and *L. H. Bancroft,* of counsel, and oral argument by *Mr. Bancroft* and *Mr. J. H. Miner.*

*F. W. Burnham,* for the respondents.

WINSLOW, J. This is an action of ejectment for a piece of farm land about five rods in width and fifteen rods in length. The question is really one of the location of the boundary line between the plaintiff and defendants. The plaintiff's lands are west of, and immediately adjoining, the defendants'

lands.  The plaintiff's line on the east, according to his
deed and the deeds of all his grantors for nearly thirty
years, is a north and south line eight rods east of a certain
quarter-section line.  For the same length of time this line
has been supposed to be marked by a fence which stands
eight rods east of a line which for the same length of time,
and probably longer, has been reputed to be the said quarter-
section line.  The occupation of the plaintiff and his grant-
ors for nearly thirty years has been up to this fence and no
further, without controversy.  Other conveyances of land
in the same and the adjoining quarter section have been
made with reference to this reputed quarter-section line, and
fences built in accordance therewith, which have stood many
years and still stand.  There is no evidence as to the exist-
ence of any stakes or bearing trees, or other monuments
showing the original location of the line.  In 1895 a survey
was made by the county surveyor, and he testified that he
located the line five rods east of its ancient reputed location;
but he does not state how he located it, from what point he
started, or whether he found an original stake or monument.

While it cannot be positively asserted that the reputed
quarter-section line is located upon the line as originally sur-
veyed, the evidence of undisputed occupation and fencing
in accordance with that line for about thirty years, not only
of the piece of land in controversy but of other parcels of
land in that immediate neighborhood, raises a presumption
that the line so recognized is the true line and is located
upon the line of the original survey.  *Racine v. Emerson*,
85 Wis. 80, and cases there cited.  So strong a presumption
is thus raised in the present case that we do not regard it
as overcome or seriously weakened by the simple fact that
upon a resurvey, based upon no original monument, another
line several rods distant is established.  Furthermore, we
think that the evidence here is sufficient to show a location
by the parties of the line between their holdings, with the

Andrews vs. Chicago, Milwaukee & St. Paul R. Co.

obvious intention of making it the true line, which has been followed by such long acquiescence as to be binding upon the parties and their privies. *Pickett v. Nelson,* 71 Wis. 542–546; Newell, Ejectment, 559, 560.

The judgment for the defendant was right, and must be affirmed.

*By the Court.*— Judgment affirmed.