Village of Galesville vs. Parker.

---

Village of Galesville, Respondent, vs. Parker, Appellant.

*September 5 — September 25, 1900.*

*Highways: Encroachments: Plats: Surveys: Ancient fences.*

A fence having been erected by defendant on a line laid out by a surveyor as the proper location of the east line of the block in which his premises were situate, it appeared, in an action to compel the removal of the fence on the ground that it encroached on the highway, that, on the plat containing such block, there were no natural landmarks referred to; that the plat was imperfect and contradictory; and that no monument or original stake was in existence from which the lines of the original survey could be located; but the uncontradicted evidence as to the location of ancient fences, marking other lot and street lines in the same block, showed the line claimed by the plaintiff to be the east line of the

block as originally surveyed. *Held*, that such evidence could not be overcome by mere measurements of distances from the base line as shown by the plat, and that a judgment of removal of the encroachment was proper.

APPEAL from a judgment of the circuit court for Trempealeau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

This is a proceeding brought under secs. 1330–1336 of the Statutes of 1898 by the trustees of the village of *Galesville* to compel the removal of an alleged encroachment upon the west side of Benton street, in said village, consisting of a wire fence built by the defendant, and intended by him to make the east line of lots 7 and 10 of block 19 of Gale's first addition to the village of *Galesville.* The village claimed that this fence projected into Benton street through its entire length a distance of ten or eleven feet, while the defendant claimed that it stood upon the true east line of said lots. The trustees made and served an order requiring the removal of the fence pursuant to sec. 1330, Stats. 1898. The defendant denied the alleged encroachment under sec. 1332, and the case came to the circuit court by appeal from the judgment of the justice, in which court it was treated as an original action, and judgment was rendered in favor of the plaintiff, from which the defendant appeals.

Many facts in the case were undisputed. The original plat of the village of *Galesville* was made and recorded in 1854, and was situated partially in the northwest quarter of section 33, and partially in the northeast quarter of section 32, in township 19, range 8, in Trempealeau county. In this plat a north and south street appears, called Benton street. In the year 1856 the plat of Gale's first addition to the said village was made and recorded, which last-named plat apparently joined on to the original plat on the west and south, and had for its east boundary the west line of said northwest quarter of section 33. In this last-named plat there is a block numbered 19, upon the east side of which appears a

street not named upon the plat, but apparently a continuation of Benton street in the original plat. Lots 7 and 10 in block 19 are located in the southeast corner of said block 19, and front on said Benton street. North of said last-named lots, in the same block, are lots 1 and 6, which also have a frontage on Benton street. Lots 7 and 10 were unoccupied and unfenced until about the year 1886, when the plaintiff purchased them; but lot 1 and certain other lots in said block were occupied and fenced for many years. Soon after the defendant purchased lots 7 and 10, a sidewalk was built in front of said lots by the village, and the defendant built a fence on what he supposed was the east line of lots 7 and 10, which fence was on the line with the old fence on the east line of lot 1. This fence and the sidewalk remained in position until the year 1893, and the sidewalk was used by the public continuously during that time. In the year 1893 the village employed a civil engineer named Bradish to make a survey, and to find the lines of block 19. In making such survey Bradish started from the quarter corner of the northeast quarter of section 32, which corner is the northwest corner of said addition according to the plat, and measured eastwardly through the blocks and streets marked upon the plat, using the distances named upon the plat as far as possible, and fixed the east line of lots 7 and 10 about eleven feet east of the former fence. No action was taken by the board upon this survey, but soon after it the village board ordered the defendant to build a new sidewalk in front of his premises. The defendant then moved his fence to the line marked by the Bradish survey, and the fence thus built is the encroachment complained of. Upon the side of the village it was shown that none of the original stakes marking the lines of block 19 or of other blocks in the addition were in existence, but that the ancient fences upon some of the other lots in block 19, and long occupation of said lots, coincided with the line of the fence built by *Parker* in 1886;

and that, if the lines of the block were readjusted according to the Bradish survey, they would all be thrown out of their old position ten or eleven feet. The engineer, Bradish, admitted that the plat of the addition was inconsistent, and that the courses and distances named upon the plat could not be made to agree, and that he found his lines by measurements only from the base line of the plat.

For the appellant there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee*.

For the respondent there was a brief by *W. S. Wadleigh*, attorney, and *John C. Gaveney*, of counsel, and oral argument by *Mr. Wadleigh*.

WINSLOW, J. The question at issue in this case was simply, Where was the east line of block 19 located and marked upon the ground when the addition was originally surveyed and platted? The question was not where an accurate measurement of distances on the recorded plat would now locate the line, but, Where was it located originally? *Racine v. Emerson*, 85 Wis. 80.

Every stake in the plat originally set had disappeared. There were no natural landmarks referred to, and no monument or original stake was in existence from which the lines of the original survey could be located, unless we except the quarter corner at the extreme northwest corner of the plat, which was several blocks distant from block 19, and not connected therewith, either by monument or certain description. The plat itself is imperfect and contradictory; the width of some of its streets is not given, and its courses and distances are inconsistent with each other.

The rules by which the lines of such plats are to be ascertained are well settled. In the absence of natural boundaries or monuments, and of monuments or stakes set in the course of the original survey, the lines of ancient fences and long-continued occupation of adjacent lots and blocks in the same

plat, if evidently intended to mark the true lines of such lots and blocks, have greater probative force than mere measurements of courses and distances. *Racine v. J. I. Case P. Co.* 56 Wis. 539; *Racine v. Emerson, supra;* *Madison v. Mayers,* 97 Wis. 399. Especially is this true where, as in the present case, the courses and distances marked upon the plat are contradictory, thus making it ambiguous and uncertain.

In the present case the uncontradicted evidence of the location of ancient fences marking other lot and street lines in the same block showed that the line upon which the defendant built his fence in 1886 was unquestionably the east line of his lots, and hence was the west line of Benton street as originally surveyed when the plat was made. This could not be overcome by mere measurement of distances from the base line. The rule is salutary, and necessary to prevent the confusion and strife which would infallibly result if every ancient plat which had been practically located on the ground was subject to reconstruction and relocation by measurement of distances because the original stakes could not be found.

A verdict for the plaintiff might have been directed upon the uncontradicted evidence. The view which we have taken of the case renders unnecessary any consideration of the various errors assigned, because none of the rulings could affect the result.

*By the Court.*— Judgment affirmed.