Decided 17 March, 1902.

## TROTTER v. STAYTON.

[68 Pac. 3; 8 Munic. Corp. Cas. 91.]

1. Subject to the exceptions provided by statute (Hill's Ann. Laws, § 71),
litigants will not be permitted to urge on appeal propositions not presented
before the trial court.

BOUNDARIES—MATERIALITY OF SUBSEQUENT SURVEYS.

2. In determining ancient boundaries the rule is to follow as closely as may
be the lines of the original survey, and subsequent surveys not intended to fix
on the ground the location or such lines are irrelevant.

From Marion: REUBEN P. BOISE, Judge.

Suit by G. D. Trotter against the Town of Stayton. From a decree dismissing the complaint, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Messrs. John A. Carson* and *Loring K. Adams.*

For respondent there was a brief and an oral argument by *Mr. William H. Holmes.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to quiet title to a small strip of land on the east and north sides of the north half of lots 5 and 6 in block 5, in the Town of Stayton, as laid out and platted in 1871. The point of controversy is the true location of the west line of Third Street and the south line of Ida Street. As originally laid off the town consisted of six blocks, and the initial corner was a point 2.97 chains north of the quarter section corner between sections 10 and 15, township 9 south, range 1 west. From this point the lots, blocks, streets, and alleys were all specifically and definitely described by courses and distances, but no monuments, natural or artificial, are referred to in the survey, or, so far as the evidence shows, established on the ground. In 1900 the street lines were surveyed by Mr. Gobalet at the instance of the town council. At that time the plaintiff's property was uninclosed, and a short time thereafter, at the request of the town authorities, he put down a sidewalk to conform to the lines run by Gobalet, with the understanding, as he testifies, that it would be moved if it was not on the true street line. A few months later he and some of the other residents of the town, not being satisfied with the Gobalet survey, employed the county surveyor to re-establish and relocate the lines. And as his survey in front of plaintiff's property did not conform to that of Gobalet, the plaintiff moved his sidewalk to the line run by the county surveyor, inclosed his property with a fence, and soon thereafter commenced this suit. The complaint alleges that the plaintiff is the owner and in

possession of the north half of lots 5 and 6 in block 5 in the
Town of Stayton, as dedicated and shown on the recorded plat
thereof, and that such property adjoins and abuts on Third
Street on the east and Ida Street on the north; that the de-
fendant claims an adverse interest in a strip of land off the
north end thereof 12 inches wide and a strip 6½ inches wide
on the east side; that such claim constitutes a cloud on
his title, and interferes with his peaceful and quiet possession
of the property, and prays that it be required to appear and
set forth the nature of its claim, and that it be decreed to be
void and of no effect. The defendant answered, denying the
material allegations of the complaint, except the incorporation
of the defendant, and that the plaintiff is the owner of the
north half of lots 5 and 6. For an affirmative defense it
alleges that plaintiff is the owner of the strip in controversy,
subject to the rights of the public therein under the laws of
the state and such ordinances as the defendant may lawfully
enact. "That prior to the month of June, 1900, the boundaries
of the different streets and alleys in the said Town of Stayton
were not accurately known to the common council of the said
city, and in pursuance of the powers vested in it, under the
terms of its charter, it caused an accurate survey to be made
of the location of the different lots and blocks, and also the
streets and alleys therein; that all the interest which the Town
of Stayton claims in the strips of land, 12 inches and 6½
inches in width, as described by the plaintiff in his complaint,
is for the use of the public, and the same is a part of the public
highway and a part of the streets of the Town of Stayton."
A reply was filed, denying the affirmative allegations of the
answer, and upon a trial the court found that the town council
had authority to ascertain the location of the streets of the
city, and that they were properly located by Gobalet's survey.
The plaintiff's complaint was thereupon dismissed, and he ap-
peals.

1. It will be observed from the pleadings that the only ques-
tion for our determination is the true location of the street
lines in front of plaintiff's property. There is some discussion

in the defendant's brief of the doctrine of prescription, estoppel, and acquiescence, but as no such defenses are pleaded the argument is not germane to any questions involved in the case. The answer avers that the location of the street and alley lines of the town were not known to the council, and, for the purpose of ascertaining the same, it "caused an accurate survey to be made of the location of the different lots and blocks, and also the streets and alleys therein." The only issue therefore tendered is the accuracy of the survey made at. the instance of the town authorities.

2. If the initial point from which the town was originally surveyed and located is to be taken as the beginning point, and the survey extended therefrom according to the courses and distances called for in the dedication, it is obvious that the plaintiff must prevail.   Mr. Herrick, the county surveyor, testifies that he found the quarter section corner, and, by going 2.97 chains north, found the initial point mentioned in the dedication by Stayton and wife; that he followed the courses and distances called for, and had no difficulty in ascertaining the location of the plaintiff's property and its boundaries; that the lines as run by him, and which followed the calls in the dedication, did not conflict with any of the property in the original town, and he was satisfied they were correct.   Mr. Gobalet, who made the survey for the town, says he was employed to straighten out and re-establish the street lines so as to make those in the original town conform as nearly as practicable to those of subsequent additions.   In order to do so he found it necessary to establish a new base on Third Street two blocks east of the original initial corner from which to make his survey, for the reason that a survey therefrom "will conflict with less property and street lines than any old or new base that may be adopted in the Town of Stayton."   Mr. Richardson, who was street commissioner at the time of the Gobalet survey, and who assisted him in making it, says that "After we ran two or three lines through they did not suit. It was going to damage too much property to move these buildings.   Then we went to work and measured these blocks to see

how large they were clear up through this addition up to
Washington Street (in a new addition and four blocks north
of the north line of the original town). We measured them to
find out how far across it was to these lots. Then Gobalet ran
a line there through that line, and it did not exactly suit. It
cut too much property; * * right here on Washington Street.
These lines came in about here. I would not be positive to the
lap, probably seven or eight feet.'' He further testifies that
after several measurements and remeasurements they finally
found a line which interfered with very little property, and
they accepted that as the base from which to extend the survey
of the town and its additions; that the object the council had
in making the survey was to have the streets as straight and
regular as practicable, making those in the old town conform
as nearly as practicable to the streets in the several additions.
Mr. Davie, mayor at the time of the Gobalet survey, says that
the purpose was to have the streets of the town straightened,
following the old survey as nearly as it could be done and ac-
complish that purpose, and that Gobalet was given instructions
to that effect. It will thus be seen that Gobalet, in making his
survey, was not attempting to relocate the original lines, but,
as instructed by the town authorities, to straighten out the
streets, so that those in the original town and the subsequent
additions might conform as nearly as practicable. Under
such circumstances his survey could be of no value as evidence
in determining the question before the court. The ruling ques-
tion is the true location of the west line of Third Street and the
south line of Ida Street. As the plaintiff's preperty is de-
scribed with reference to the lots and blocks as originally laid
out in accordance with certain courses and distances, the point
to be determined is the location of the lines so established, and
no survey could be accurately based upon any other data. All
subsequent surveys or resurveys are of no effect as evidence un-
less they tend to determine that question: *Bower* v. *Earl,* 18
Mich. 367; *Hale* v. *Cottle,* 21 Or. 580 (28 Pac. 901); *King* v.
*Brigham,* 19 Or. 560 (25 Pac. 150); *City of Racine* v. *Emer-*

*son,* 85 Wis. 80 (55 N. W. 177, 39 Am. St. Rep. 819) ; *Albert* v. *Salem,* 39 Or. 466 (65 Pac. 1068).

The question as to whether the council had authority under its charter to relocate and re-establish the lines of the streets and alleys of the town is not involved in this case. There are neither allegations nor proof that such power, if it existed, has ever been exercised. The answer of the defendant avers that the survey by Gobalet was made because the boundaries of the different streets and alleys were not known to the council, and was intended to locate them ; but there is no allegation that it was made for the purpose of changing or re-establishing the lines. In September, 1900, the council passed an ordinance providing for the employment of a competent surveyor to "survey, straighten, and establish the boundary lines of all the streets and alleys now laid out and platted in the corporate limits of the town and establish a permanent monument at the end of each boundary line and at such intermediate points" as might be deemed proper, and to "cause a correct plat or map thereof to be made" and filed in the office of the recorder ; but that the survey and plat contemplated in and provided for by the ordinance was ever made is not shown. The survey of Gobalet was made some months before the passage of the ordinance, and there is no evidence that it was ever adopted or accepted by the council as a compliance with the terms of the ordinance.

It is also urged that this suit should be dismissed because the plaintiff was not in lawful possession of the property at the time it was commenced, but we think the evidence fully sustains the allegations of the complaint in this regard. The fact that the plaintiff built a sidewalk to conform to the Gobalet survey and afterwards cut a part of it off in order to make it agree with Herrick's survey does not make his possession unlawful. He was the owner and in possession of the property when he built the sidewalk, and his action in sawing off a few inches of it was no more unlawful than the building of it in the first instance. There was no trespass committed at either

time; he was in possession when he built the walk, and has not been ousted or dispossessed since that time.

The decree of the court below must be reversed, and one entered here in favor of the plaintiff.            REVERSED.