NICKEL, Appellant, vs. CHAPMAN and another, Respondents. SAME, Respondent, vs. SAME, Appellants.

*May 2—May 23, 1916.*

*Boundaries: Evidence: Competency: Waiver of objections: Surveyor's plat: Ejectment: Judgment: Verdict as to land not in suit: Costs.*

1. In ejectment, the question being as to the original location of a section corner, testimony of old settlers as to its location, which was corroborative of evidence of defendants' surveyor locating the line in connection with permanent monuments and visible marks or indications left on natural objects indicating the lines and boundaries of the government survey, was competent.
2. Even if such evidence were incompetent, by first putting in similar evidence plaintiff opened the door for it and waived any objection to its admission.
3. A plat made by defendants' surveyor, who testified that he made it and that it was correct and correctly represented the corner in dispute and other lines and points thereon, including a highway, was competent in connection with the other evidence in such case.
4. The admission of testimony of the surveyor to the effect that he came to the center of a highway at forty chains, and as to what parties said about having seen witness trees at that place and pointing them out, was not in this case prejudicial error.

5. In ejectment, where the jury found in favor of defendants as to the land in dispute, plaintiff was not entitled to judgment for an adjoining piece of land which the jury found belonged to him but which was not included in the complaint and was conceded, without controversy, to be his, although it had been inclosed with defendants' land by a fence built by consent of both parties.

6. Where, as a condition of having a new trial in ejectment, defendants were required to pay the costs of a former trial, they were not entitled, upon recovering in the new trial, to tax said costs of the former trial against the plaintiff.

APPEALS from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

This is ejectment to recover a strip of land about fourteen rods in width off the south side of the southeast quarter of the southeast quarter of section 11, township 31 north, range 16 west. Plaintiff owns the southeast quarter of the southeast quarter of section 11 and defendants own the northeast quarter of the northeast quarter of section 14 in township 31 north, range 16 west.

The question involved is the original location of the southeast corner of section 11. The case has been tried three times. The first trial resulted in a verdict for the defendants. A second trial under the statute resulted in a verdict for plaintiff. A third trial was granted on motion of defendants on terms and resulted in a general verdict for the defendants on the location of the section line. A special question was also submitted to the jury and answered as follows: "*Q.* How far is it between the west end of the defendants' fence and the west end of the section line as claimed by the defendants? *A.* Twelve and one-half feet."

There was a motion for new trial by plaintiff and also for judgment for the triangular strip above mentioned. These motions were denied, and the court rendered judgment in favor of the defendants dismissing the plaintiff's complaint, with costs. Both parties appealed.

For the plaintiff there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy* and *N. O. Varnum.*.

For the defendants there was a brief by *McNally & Doar*, and oral argument by *W. F. McNally* and *W. T. Doar*.

KERWIN, J.    Several errors are assigned which will be treated in their order.

1. It is first contended that error was committed in the admission of evidence.

Both parties introduced evidence of surveyors as to the location of the section line between sections 11 and 14. The evidence of the plaintiff's surveyors fixed the line as claimed by plaintiff, while the evidence of defendants' surveyor located it as claimed by the defendants. The surveyors on both sides seem to have been guided in their surveys by monuments and measurements made with reference thereto.

Early in the trial counsel for plaintiff inquired whether counsel for defendants intended to offer testimony of old settlers as to location of the corner in dispute. The court replied: "The court cannot anticipate what the evidence shall be, the character of the evidence that defendants may offer. It appears to me the safe course to pursue is to follow the general rule and the plaintiff to go on and prove what he expects to rely on in the case." Counsel for defendants then stated: "In order that there may be no misunderstanding or misconception, although not required to do so, I will say now that we will offer testimony of old settlers as to the location of the disputed corners and other corners. What the character of that testimony will be I do not suppose the court can anticipate in advance."

Counsel for plaintiff in making the plaintiff's case put in evidence similar to that he complains of here. Plaintiff thus opened the door for this class of evidence; having done so he cannot complain that defendants put in similar evidence. *Hartung v. Witte,* 59 Wis. 285, 18 N. W. 175.

But the evidence was competent. It was corroborative of the evidence of the defendants' surveyor locating the line in

connection with permanent monuments and visible marks or indications left on natural objects indicating the lines and boundaries of the government survey. *Racine v. Emerson,* 85 Wis. 80, 55 N. W. 177; *Nys v. Biemeret,* 44 Wis. 104; *Brew v. Nugent,* 136 Wis. 336, 117 N. W. 813.

It is claimed that the court erred in receiving in evidence a plat made by the defendants' surveyor. He testified that he made the plat and that it was correct and correctly represented the southeast corner of section 11 and other lines and points represented thereon, including a highway. This plat was competent in connection with other evidence in the case.

Error is also assigned upon the reception of evidence of the surveyor to the effect that he came to the center of a highway at forty chains, and as to what parties said about having seen witness trees at that place and pointing them out. We are convinced that no prejudicial error was committed in the admission of the evidence complained of by appellant under this head.

2. Counsel for plaintiff also except to the dismissal of the complaint on the ground that the plaintiff was at least entitled to judgment for the triangular piece north of the section line which the jury found belonged to plaintiff and which was inclosed by defendants' fence. The north line of this triangular piece was twelve and one-half feet north from the section line on the west side of plaintiff's land and ran to the section line on the southeast corner of plaintiff's land, the fence between the plaintiff's and defendants' land starting on the section line on the southeast corner of section 11 and running to a point twelve and one-half feet north of the section line on the west line of plaintiff's land.

It is apparent from the record that the fence was built by consent of both parties, they supposing it to be on the line, and in the present litigation there was no controversy over this triangular piece. In fact it was not considered by the court below as included in the complaint. It was never un-

lawfully withheld from plaintiff and is conceded by all parties to belong to plaintiff. The complaint in the instant case calls for a piece of land about fourteen rods wide, and the controversy in this case did not include the triangular piece twelve and one-half feet wide as found by the jury, hence there was no error in denying judgment in favor of plaintiff for the triangular strip.

3. Error is assigned for refusal to give an instruction relating to the question whether the triangular strip was twelve and one-half feet wide or thirty-three feet at the west of plaintiff's land. It is argued that the refusal to give this instruction in connection with the general charge given prejudiced the plaintiff. Error is also predicated upon the charge as to positive and negative testimony. We find no prejudicial error in the charge or in refusal to charge.

On the defendants' appeal it is insisted that the court erred in striking from the defendants' cost bill an item of $187.25. This item is the amount allowed as a condition for new trial granted to defendants. This amount being costs taxed as condition for new trial granted to defendants, on recovery the defendants were not entitled to tax these costs against plaintiff. The item was therefore properly stricken from defendants' cost bill.

*By the Court.*—The judgment is affirmed on both appeals.