KREMBS and wife, Appellants, vs. PAGEL, Respondent.

*December 7, 1932—January 10, 1933.*

*W. E. Atwell* of Stevens Point, for the appellants.

For the respondent there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *Mr. W. E. Fisher.*

FAIRCHILD, J.   The respondent purchased a town lot, and located his lot lines according to a stake actually on a line which he and the one from whom he purchased regarded as indicating the western boundary line of the lot so purchased by him and as the line fixed by the platter of the lots.   From that time (1899) on, respondent maintained that line to be the west line of his lot, and adjusted his buildings to it in such a way as to clearly indicate an assertion of ownership of the premises up to it.   This included the disputed parcel. He filled in and cared for the lot up to that line and worked upon it as town lots are usually treated by their owners.   He exercised control over it, manifesting at all times a determination to treat and hold it as his own.   His adverse possession, occupancy, and the accompanying acquiescence of the predecessors in title of appellants for more than twenty years has settled the question as to where the line is, and also has settled the question of the ownership of the disputed strip beyond disturbance by survey made thereafter. So that, regardless of whether the stakes were located with

absolute accuracy on the original or true line, the existing line has been, by the acts of interested parties, made controlling. *Galesville v. Parker,* 107 Wis. 363, 83 N. W. 646; *Smith v. Beloit,* 122 Wis. 396, 100 N. W. 877; *Batz v. Woerpel,* 113 Wis. 442, 89 N. W. 516; *Illinois Steel Co. v. Bilot,* 109 Wis. 418, 84 N. W. 855, 85 N. W. 402.

The material evidence on the point of adverse possession is all to the effect that for more than twenty years following the purchase of lot 17 the respondent exercised ownership and control that was continuous, visible, and adverse to any one claiming an interest in the parcel in dispute. It is not contended here that respondent has not acquired the southern portion of the strip by adverse possession. The same acts affect the north portion and were notice of respondent's occupation and his continual exercise of ownership over the whole of the disputed strip. He filled in earth up to this line, using as filling excavations from the basement and dirt which he bought and hauled upon the lot. He built a lattice fence from the house to this line to shut off the view of the back yard, and sodded the slant on the west line to hold his lot at an equal level. All these acts were in sight of and with the knowledge of adjoining owners, and in no way is their effect destroyed by the building of the sidewalk to a point two feet east of respondent's claimed line. Building the sidewalk to this point brought from the respondent an announcement of his claim, and it occurred while he was exercising ownership up to the boundary always insisted upon by him as the correct one, and this does not amount to an invasion or interruption of his holding of the strip in question. The respondent at all times occupied to the limits as they were pointed out to him by the owner from whom he purchased, and during all these years there was never an abandonment of his occupation of the premises or yielding in his claim of ownership.

We are of the opinion that under the circumstances the evidence warrants the conclusion that the respondent has shown his right to possession of the strip here in dispute. *Progress Blue Ribbon Farms v. Harter,* 147 Wis. 133, 132 N. W. 895; *Ovig v. Morrison,* 142 Wis. 243, 125 N. W. 449; *Brockman v. Brandenburg,* 197 Wis. 51, 221 N. W. 397. Respondent was entitled to the granting of his motion for a directed verdict.

*By the Court.*—Judgment affirmed.

NELSON, J., took no part.