ALLEN, Judge.
This appeal is to review a final decree in favor of the appellee, John Hack, who was the plaintiff below, in an action against Peter Wildeboer and Anna Wildeboer, his wife, the defendants below, appellants here. The action involved a boundary dispute.
The parties will be referred to by the ‘designations in the lower court.
The plaintiff was the owner of lot 3 and the West half of lot 4 of block 10 of Lauderdale Harbors, Section A. The defendants were the owners of lots 1 and 2 of block 1, Samarkand Isles. Samarkand Isles was a resubdivision, including lots 1 and 2 of block 10 of Lauderdale Harbors. The plats show that the east line of lot 2, block 10, Lauderdale Harbors was the same as the east line of lot 1, block 1, Samarkand Isles. The dispute arose over the location of the boundary line between lot 1, block 1, Samarkand Isles, which was the property of the defendants, and lot 3, block 10, Lauderdale Harbors, the property of the plaintiff. Two surveyors testified for the plaintiff and two for the defendants. The plaintiff’s witnesses testified that they based their opinions upon stakes and other evidences found on the lot lines of the original survey of Lauderdale Harbors, while the witnesses for the defendants based their testimony on an independent determination from a quarter section corner. Defendants’ witnesses located the disputed line approximately 3.48 feet further east than did plaintiff’s witnesses.
The testimony of the witnesses and the decision of the court raised the question of whether or not a junior survey should attempt to correct the descriptions in an older survey, or whether the surveyor, in making the junior survey, should determine where the lines were actually established in the older survey.
The lower court, in effect, held that the lines of the old survey should prevail even though a resurvey showed there was error in the dimensions of the lot in favor of the property owner in the new survey over the property owner in the old survey.
It was stated by Florida Supreme Court in Kelsey v. Lake Childs Co., 93 Fla. 743, 112 So. 887, that an original, actual survey of public lands of the federal government, on the faith of which rights have been acquired, control other surveys subsequently made by the government which affect such rights.
In the case of Akin v. Godwin, Fla.1950, 49 So.2d 604, 607, the Court said:
“In making a resurvey, the question is not where an entirely accurate survey would locate the lines, but where did the original survey locate such lines. Clark on Surveying and Boundaries, 2d Ed., Sec. 411, page 495; Kahn v. Delaware Securities Corporation, 114 Fla. 32, 153 So. 308; LeCompte v. Lueders, 90 Mich. 495, 51 N.W. 542; City of Racine v. Emerson, 85 Wis. 80, 55 N.W. 177; Dittrich v. Ubl, 216 Minn. 396, 13 N.W.2d 384. As stated in 8 Am.Jur., Boundaries, Section 102, page 819: ‘The object of a resurvey is to furnish proof of the location of the lost lines or monuments, not to dispute the correctness of or to control the original survey. The original survey in all cases, must, whenever possible, be retraced, since it cannot be disregarded or needlessly altered after property rights have been acquired in reliance upon it.’ It is generally held, therefore, that a resurvey that changes lines and distances and purports to correct inaccuracies or mistakes in an old plat is not competent evidence of the true line fixed by the original plat. See Dittrich v. Ubl, 216 Minn. 396, 13 *31 N.W.2d 384; Cragin v. Powell, 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566; City of Racine v. Emerson, 85 Wis. 80, 55 N.W. 177, 178.”
We have examined the record, including the testimony of the witnesses, and conclude there was sufficient testimony for the chancellor below to determine that the professional witnesses of the plaintiff used the correct method in determining the property lines of the parties in this case. Accordingly, the judgment of the lower court is hereby affirmed.
KANNER, C. J., and PLEUS, J., concur.