PEARSON, Judge.
This appeal is from a final judgment which determined a boundary dispute between appellant who was plaintiff below and appellee who was defendant. The action was in essence one for declaratory judgment and by stipulation was tried before the court without a jury. It was stipulated in the trial court that no question as to the form of the action would be raised. It was further stipulated that each party had title according to certain deeds and records. The controversy is as to where the property of one ends and the property of the other begins. Expert witnesses, who were surveyors, testified for each party and the surveyors differ both as to the location of the line and as to the method to be followed in locating the line. Final judgment was entered for the defendant, establishing the mutual boundary to be that shown by a survey made at defendant’s request, dated April, 1958, and marked as an exhibit in the *301 cause. From this judgment the plaintiff appeals. As indicated the sole question involved is whether the survey which was adjudged by the court as portraying the correct and proper dividing line between appellant’s and appellee’s lands is a proper survey to establish the disputed line. It follows that if, as the appellant contends, the survey was improper as a matter of law then the judgment of the court is without basis and must be reversed.
In cases deciding the boundary between two parcels of land, the law is settled that it is the duty of the surveyors to follow the original survey lines under which the property and neighboring properties are held notwithstanding inaccuracies or mistakes in the original survey. The purpose of this rule of law is that stability of boundary lines is more important than minor inaccuracies or mistakes. This rule was firmly established in Florida by Akin v. Godwin, Fla.1950, 49 So.2d 604. See also Wildeboer v. Hack, Fla.App.1957, 97 So.2d 29 and Bishop v. Johnson, Fla. App.1958, 100 So.2d 817, 820.
Acting upon the theory that neither party should have a numerical advantage in witnesses the plaintiff and defendant each produced the expert testimony of two surveyors. These surveyors agreed that in order to establish the boundary line in question it was necessary to begin at the southwest corner of Section 19, Township 57 South, Range 39 East, the same being on the center line of the Florida City canal. All agreed that there is only one recorded plat covering plaintiff’s and defendant’s property. This plat is designated as Miami Land and Development Company Subdivision of Section 19, Township 57 South, Range 39 East, and is recorded in plat book 5, at page 10 of the Public Records of Dade County, Florida. The difficulty in this case springs from the fact that this plat does not give sufficient measurements for the location of any line other than the section line. The recorded drawing is a schematic division of the section covered into theoretically equal ten-acre tracts, without regard to the actual measurements of the section. The discrepancy between the locations made by surveyors appears to arise from the north 50-foot width of the Florida City canal. This canal, as mentioned, has as its center line the south section line of Section 19. The right-of-way of the canal extends 50 feet north of this center line. The engineers agree that it is impossible to determine from the Miami Land and Development Company plat whether the 50 feet north of the center line of the canal is to be deducted from the lot adjacent to the canal or whether this 50 feet is prorated among all the lots in the southwest quarter of Section 19. Defendant’s experts and the survey adopted by the court as that setting out the valid boundary line between plaintiff’s and defendant’s properties, prorated the 50-foot width of the Florida City canal right-of-way north of the section line among all the lots in the southwest quarter of Section 19. In each instance the surveyor was unable to point to any authority for this proration but stated that he had taken this course because he felt that it was the fair thing to do.
As may be supposed, plaintiff’s experts declined to prorate the 50-foot width of the Florida City canal as defendant’s experts had done. They have deducted said 50 feet entirely from the adjacent lot. These experts have, however, followed substantial authority in so doing.
The testimony of plaintiff’s witnesses established the existence of an unrecorded plat, prepared by the Biscayne Engineering Company, in October of 1913. This plat was of Section 19, Township 57 South, Range 39 East, and covers the property in question. The testimony establishes without contradiction that this plat has been used by substantially all of the surveys made in the quarter section with which we are here concerned. There were introduced into evidence four recorded plats of portions of lot 9. Each plat followed the lines established by the unrecorded plat just described; None of these four plats *302 covers the property of the plaintiff or the defendant, but they locate neighboring lands the boundaries of which would have to be relocated if the new survey approved by the judgment in this case should be imposed as the true survey of the lots involved. The long established use of the unrecorded survey, together with the fact that property rights have been acquired pursuant to recorded plats following this unrecorded survey, is sufficient to establish that the unrecorded survey was recognized by the surveyors of the area as the survey which established the procedure to be followed in locating boundary lines within the quarter section. Therefore the court was in error in adopting defendant’s new survey, inasmuch as it fails to follow the legal principle that the purpose of a resurvey is to locate so far as possible previously established lines. The arbitrary proration of the SO-foot right-of-way among the lots of the southwest quarter was not in accordance with the plat of Miami Land and Development Company, nor in accordance with any other former plat of the area. It was a new survey and was not supported except for the State Road Department Plat. This is substantiated by proof in the record that the survey established by plaintiff’s experts, followed, the lines and distances used in the unrecorded plat of the Biscayne Engineering Company made in 1913, and followed the monument locations of the old plats that are common to both and which may be presumed to be the monuments of the original survey. See Calder v. Hillsboro Land Company, Fla.App.1960, 122 So.2d 445, 457.
It is therefore necessary, upon authority of the law as set forth in Akin v. God-win, supra, and authorities cited therein, to reverse the judgment entered in this cause and remand the cause for the entry of a judgment not inconsistent with the views herein expressed.
Reversed and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.