Meyer vs. Hope.

MEYER, Administrator, Appellant, vs. HOPE, Respondent.

*October 14 — November 1, 1898.*

*Appeal: Adverse possession: Evidence: Statute of limitations.*

1. On appeal, the determination by the trial court of a controverted fact, such as adverse possession, must stand as a verity unless it is contrary to the clear preponderance of the evidence.
2. Proof that the defendant in ejectment has been in the exclusive, notorious, unexplained, and continuous occupation of the land in controversy for twenty years, overcomes the presumption in favor of the true owner, and establishes the adverse character of such defendant's possession from the beginning, and gives him a perfect title by prescription.
3. Even though the defendant may have gone into possession of the premises by consent of the plaintiff's decedent, yet his subsequently giving a mortgage of the premises containing declarations of ownership, which mortgage the decedent signed as a witness,

Meyer vs. Hope.

unexplained, is conclusive evidence of an assertion of title by him with notice to the decedent, and warrants the conclusion that adverse possession then existed.

4. A person in adverse possession of land has a right to fortify and quiet his possession by taking a quitclaim deed thereof from the adverse claimants, and his doing so does not, as a matter of law, interrupt the running of the statute of limitations or terminate his adverse possession.

5. Although adverse possession must be clearly and satisfactorily proven, yet a hostile entry at the beginning may properly be inferred from evidence of continuous, exclusive, and notorious possession for twenty years, when unexplained as to its commencement.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action of ejectment tried by the court without a jury. The record title was in plaintiff's intestate at the time of his death, and the right to possession in plaintiff for the purposes of administration unless the actual ownership of the property was in defendant, who relied, in the main, on title by adverse possession. The court found the facts in defendant's favor, to which plaintiff in due form and time excepted. Judgment on the findings was rendered in favor of defendant, and plaintiff appealed.

For the appellant there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondent there was a brief by *Brown & Goodsell,* attorneys, and *Aldro Jenks,* of counsel, and oral argument by *Aldro Jenks* and *E. B. Goodsell.*

MARSHALL, J. It is considered that the only question which requires special consideration in this opinion is, Does the evidence warrant the conclusion of the trial court that the defendant had been for more than twenty years in the adverse possession of the land in question, before this action was commenced? That defendant had been in the actual, continuous, exclusive, notorious occupation of the land for the time

mentioned, is not denied. The contention is that the possession was not adverse. That was a fact in controversy on the evidence, and the determination of it by the trial court must stand as a verity unless contrary to the clear preponderance of the evidence.

The doctrine that evidence of adverse possession must be construed strictly and every reasonable presumption be made in favor of the true owner is well understood, but that does not avail against the fact of exclusive, notorious, unexplained, continuous occupation for the requisite period to acquire title by prescription. When that is established it is conclusive as to the nature of the possession till rebutted by some satisfactory evidence. It overcomes the presumption previously existing in favor of the true owner, and a presumption arises from the facts in favor of the occupant, that his occupancy was characterized by all the other elements requisite to adverse possession, *i. e.*, that it began by the requisite entry, claiming title, to set the statute of limitations on the subject running, and so continued down to the end of the statutory period. This subject was so recently considered in *Wilkins v. Nicolai*, 99 Wis. 178, and *Wollman v. Ruehle*, 100 Wis. 31, that little if anything further need be said other than to refer to the opinions in those cases. In the former it is said, the rule that the evidence of adverse possession must be positive, and be strictly construed against the person claiming a prescriptive right, and that every reasonable presumption should be given in favor of the true owner, is fully recognized, but along with that is another rule just as firmly established,— that open, notorious, and continuous use without objection for more than twenty years, unexplained, establishes the fact of adverse possession from the beginning and a perfect title by prescription. So the fact of adverse possession was unquestionably established here, unless the *prima facie* case made by the continuous, open, exclusive occupancy by defendant was met by circum-

stances explaining those facts, of sufficient weight to turn the scales in favor of the alleged true owner.

We have carefully examined the record, and are unable to find evidence therein to warrant us in saying the trial court erred in the finding on that point. There are many circumstances supporting the presumption which arises from defendant's occupation, and many circumstances tending to impeach that presumption. On the part of the plaintiff, there is evidence tending to show that defendant went into possession of part of the premises, at least, by consent of the deceased. That, if not overcome, would defeat the claim of hostile occupancy at the start. On the other hand is evidence that in 1873, long after the alleged permissive entry was made, defendant mortgaged the entire property for $1,200 to one Garthwaite, the deceased being one of the subscribing witnesses, and that the mortgage was recorded the day of its execution. There is no satisfactory explanation of those circumstances, to militate against their standing as conclusive evidence of an assertion of title to the property by defendant against the deceased and all comers. The giving of the mortgage itself, unexplained, is such an assertion of title, but it is made unanswerable by the declarations contained therein of ownership by the mortgagor, which must be presumed to have been brought home to the knowledge of the deceased, because of his witnessing the instrument. A mortgagor even, in possession, may start the statutory period of adverse possession running against the mortgagee by an assertion of title, or the doing of some act to the knowledge of the mortgagee inconsistent with his rights. Jones, Mortgages, § 1211; *Maxwell v. Hartmann,* 50 Wis. 660. True, when one enters into possession of land of another, the presumption is, till the expiration of the period requisite to make title by prescription, that the entry was subordinate to the title of such other. Though such presumption be succeeded by that of a hostile entry upon

the expiration of such period, if the latter presumption be met by proof that the entry was permissive on the part of the true owner, then the presumption of a hostile entry gives way to one that the possession, permissive at the start, so continued to the end. But if at any time after permissive possession commence there be a distinct denial of the right of the true owner brought home to him, that constitutes a new and hostile entry and a sufficient ouster of such owner to set the period of adverse possession running, which, if not thereafter interrupted, will at the expiration of the statutory period ripen into a perfect title. True, permissive possession, however long continued, does not make title. Newell, Ejectment, 767. The language of Chief Justice MARSHALL on the subject is: "It has been recognized in the courts of England, and in all others where the rules established in those courts have been adopted, that possession, to give title, must be adversary;" and "it would shock that sense of right which must be felt equally by legislators and by judges, if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title." *Kirk v. Smith*, 9 Wheat. 241. We hold firmly to that salutary rule, but the presumption of continuity of permissive occupation, from a permissive entry, is by no means conclusive. As before indicated, it yields to clear proof of a change in character, just as a hostile possession yields to satisfactory evidence of a holding in subordination to the title of the true owner. So, though we say the character of the defendant's entry was established, by the evidence, to have been permissive, the making of the mortgage and actual knowledge of it by the deceased on March 17, 1873, warranted the conclusion of the trial court that a hostile possession by defendant then existed.

There seems to be no circumstance to change the nature of defendant's possession or claim of title after the making of the mortgage, worthy to be considered as explanatory of

his occupancy favorably to appellant's contention, except the fact that he obtained a quitclaim deed of the property from his mother and the other heirs of the deceased in 1886. Appellant's counsel confidently urge that the taking of such deed, as a matter of law, interrupted the running of the statute of limitations, and cite *Jackson v. Sears,* 10 Johns. 435, to which many more cases might be added, supporting the rule that an offer to purchase property of the true owner by one in possession of it, is in law a submission to the true title, and ends adverse possession of the occupant if that previously existed, if such purchase, or offer to purchase, occur before such adverse possession has ripened into a title by prescription. But that does not militate at all against the rule, well established, that the adverse possessor may offer to purchase, or purchase, an outstanding claim of title to fortify and quiet his possession and protect himself against litigation, without necessarily terminating his adverse possession. *Pacific Mut. F. Ins. Co. v. Stroup,* 63 Cal. 150; *Cannon v. Stockmon,* 36 Cal. 538; *Johnstone v. Scott,* 11 Mich. 232; *Chapin v. Hunt,* 40 Mich. 595. Even a proposition to purchase, if shown to have occurred under such circumstances as to cause doubt as to the intention to recognize title in the person to whom the proposition is made, does not, as a matter of law, interrupt the running of the statute of limitations, but is mere evidence to be considered on the question of what the purpose of the offer was. *Walbrunn v. Ballen,* 68 Mo. 164.

From what has been said it is manifest that the deed of the heirs of plaintiff's intestate did not, as a matter of law, change the character of defendant's possession. It is a mere quitclaim deed. Such a deed may convey a full title to property or not any interest whatever. Its effect is to convey to the grantee in fee, his heirs and assigns, whatever title the grantor has. The taking of such a deed by defendant was consistent with the continuance of an existing ad-

verse possession. At least it did not necessarily, under the circumstances of this case, terminate such possession. It was, at most, evidence to be considered by the court with all the other evidence in the case bearing on the subject, in determining the character of defendant's occupancy.

Much stress is laid by the learned counsel for appellant on language often found in the books, that "adverse possession is not to be made out by inference, but by clear and satisfactory proof." That is good law. It is so recognized by all courts and text writers, but there is some danger of a wrong application of it, as evidenced by that vigorously contended for in appellant's brief, and repeated on the oral argument. The evidentiary facts essential to adverse possession cannot be established by mere inference, and that is as far as the rule goes. That is what is meant by Dixon, C. J., in *Sydnor v. Palmer*, 29 Wis. 226, to which our attention is specially directed. To say that a judicial conclusion as to facts in issue, or any one of them, cannot be established by a process of reasoning from the probabilities which arise from premises established by proof, in other words, by inference or presumption, would be a novel doctrine. Certainly no such doctrine is found in the books. Conclusions may be reached in judicial proceedings concerning the most important affairs of life, by taking account of the reasonable probabilities from conceded premises, or those found to exist by competent evidence. A person deliberately sends a leaden bullet crashing through the brain of another. The result is death. Those facts being established, the inference arises that such person intended the natural result of his conduct and is guilty of a felonious homicide. A person goes upon a railroad track at a street crossing with full opportunity to see an approaching train, and is injured by it. From that situation, by inference, we deduce the conclusion that he did not look for the evidence of danger. If he says he looked but did not see that which was in plain sight, we infer from

Meyer vs. Hope.

the probabilities of the situation that both elements of the proposition cannot be true, and that, if the first be true, the injured person recklessly walked into the danger. By the same process of establishing disputed facts from those known, continuous, exclusive, open, notorious possession of land for twenty years, unexplained as to its commencement or otherwise, being known, we infer therefrom that there was a hostile entry as to all the world with intent to hold the land against all comers, and that such situation characterized the possession down to the end of the statutory period requisite to title by prescription. The minor propositions are to be established, not by mere inferences, but by clear and positive evidence. The conclusion is then reached by a legitimate process of reasoning, denominated "inference," or "presumption." An affirmation of fact in legal form, calling for a particular remedy, is the statement of the proposition to be established by proof. When a group of minor facts are established by competent evidence, and the probabilities inferable therefrom, viewed in the light of reason and human experience, point sufficiently strongly to the truth of the proposition affirmed to convince the judgment, we say it is established to a reasonable certainty; when it points so strongly that way as to leave no room for a reasonable inference to the contrary, we say it is established beyond a reasonable doubt. These illustrations sufficiently show how fallacious is the claim that adverse possession cannot be established by inference from facts established by legal proof, or the statement often made, and correct in the limited sense intended by it, that such possession cannot be established by inference. The primary facts of this case were all established by evidence which the learned circuit judge was warranted in saying was clear, positive, and satisfactory. From those facts he legitimately made the deduction of facts requisite to constitute adverse possession for the requisite statutory period to make title by prescription. The conclusion in that regard

cannot properly be disturbed under the rules governing the subject.

*By the Court.*— The judgment of the circuit court is affirmed.