105    330
o106    510

105    330
113    449

105    330
48 LRA    835

105    330
115    6

105    330
117    323

Bishop, Appellant, vs. Bleyer, Guardian, and others, Respondents.

*December 21, 1899 — January 9, 1900.*

*Ejectment: Adverse possession: Presumptions.*

In an action of ejectment, plaintiff made proof of paper title covering the disputed tract, and defendant of open, notorious, and continued possession for over twenty years. *Held,* that defendant's testimony overcame the presumption previously existing in favor of the owner of the paper title, and raised a presumption in favor of defendant, that his occupancy was characterized by all the elements requisite to adverse possession, and, unless rebutted by showing his possession was under lease, contract, or permission of some kind and not hostile to the original owner, made his title absolute.

Appeal from a judgment of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Affirmed.*

Ejectment to recover possession of the east 7 $\frac{57}{100}$ feet of the south one third of quarter block 11, in the First ward of the city of Milwaukee, Wisconsin. Answer that the defendant's ward, Heise, has been in the open, visible, notori-

ous, and exclusive possession of said land, under claim of title exclusive of any other right, for more than forty-three years last past. The answer also sets up the twenty years limitation, as prescribed by sec. 4220, Stats. 1898. The jury found by special verdict, among other things, that plaintiff was the owner of the legal title to the disputed strip; that the defendant's ward, Heise, was in possession, and had been for more than twenty years prior to the commencement, claiming title hostile to the owner of the legal title, which occupation had been continuous and exclusive of any other right, including the right of the plaintiff and his grantors. There was also a finding as to the location of a division fence by the adjacent owners with intent to make it a permanent line between them, which had been lived up to, and permanent improvements made with reference thereto and in reliance thereon. Plaintiff moved for a new trial, and defendants for judgment in their favor. Judgment was finally entered in favor of the defendants, from which the plaintiff has appealed.

*John S. Maxwell*, for the appellant.

For the respondents there was a brief by *Quarles, Spence & Quarles*, and oral argument by *George Lines*.

BARDEEN, J. In March, 1853, the defendant's ward, Heise, purchased a piece of land described as the west sixty feet of quarter block 12. Plaintiff's land in quarter block 11 lies immediately to the east. Before his purchase, Heise was shown the tract as being inclosed by fences which were supposed to surround the tract he purchased. He was put into possession of a tract sixty feet wide, being the land included between the fences, and continued in such possession up to the time this suit was brought, claiming title thereto. Some time later, Mrs. Pemberthy, who occupied the tract to the east, had a survey made, and it was found that three posts of Heise's fence were about three inches over the

line, and which were moved to correspond to the line established by her survey. During all these years Heise has been in the open, visible, and notorious possession of the land included between the lines of his fence, supposing that this was the land conveyed by his deed, and claiming title thereto hostile to every other right. These facts are conclusively shown by the evidence and found by the jury. There was no attempt on the part of plaintiff to explain this possession; no effort to show that it was permissive or subservient to any paramount right. The only thing in the case bearing on this question is found in the cross-examination of the defendant's ward, wherein he is made to say that he intended to claim his land in quarter block 12, and did not intend to claim land in quarter block 11. The fact remains that he entered into the possession of this land. He supposed it was the land he purchased. He claimed the land between the lines of his fence, and held it in visible and notorious occupancy for more than forty years. The rule has frequently been asserted that unexplained occupancy, continued for twenty years, raises the presumption that such occupancy was under claim of right and adverse. *Carmody v. Mulrooney*, 87 Wis. 552; *Wilkins v. Nicolai*, 99 Wis. 178; *Wollman v. Ruehle*, 100 Wis. 31; *Meyer v. Hope*, 101 Wis. 123; *Wollman v. Ruehle*, 104 Wis. 603. Such possession, when established, is conclusive as to the nature of the possession, unless rebutted or explained away by some satisfactory evidence. No such evidence appears in this case, and the court would have been fully justified in directing a verdict for defendant. *Fuller v. Worth*, 91 Wis. 406, is referred to as seeming to uphold a contrary doctrine. There certainly are statements in the opinion in that case not easy to be reconciled with the decisions above cited. In so far as it conflicts with the later cases, and with the rule herein laid down, it must be deemed to be overruled, as noted in the last *Wollman Case*. It is true in the present case that, when the

plaintiff made proof of paper title covering the disputed tract, the burden was then imposed upon the defendant to show his possession, and that it had been open, notorious, and continued for twenty years. When that is done, as stated in *Meyer v. Hope*, " it overcomes the presumption previously existing in favor of the true owner, and a presumption arises from the facts, in favor of the occupant, that his occupancy was characterized by all the other elements requisite to adverse possession, *i. e.* that it began by the requisite entry, claiming title, to set the statute of limitations on the subject running, and so continued down to the end of the statutory period." This presumption, of course, may be rebutted by showing that the possession was under lease, contract, or permission of some kind, and not hostile to the original owner. But, unless so rebutted or explained away, such possession, so long continued, with the requisites mentioned, makes title absolute. Such was the holding in the cases mentioned, and, in so far as they conflict with former decisions, they must prevail over them.

The conclusion we have reached renders the finding of the jury on the question of the establishment of a line fence immaterial to this controversy. The evidence of Heise's possession being undisputed and unexplained, any supposed error in the instructions of the court in submitting the case to the jury becomes unimportant. It is sufficient to say that no substantial error in that regard has been discovered.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.