# CASES DETERMINED

## January Term, 1907.

CLOSUIT and others, Respondents, vs. JOHN ARPIN LUMBER
COMPANY, Appellant.

*December 4, 1906—January 8, 1907.*

*Appeal and error: Findings: Conclusiveness: Practice: Ejectment:
Adverse possession: Limitation of actions: Privity of possession:
Tacking: Presumptions: Burden of proof.*

1. Findings of the trial court merely affirming the issues joined by
a general denial of the allegations of the complaint, without de-
claring specifically upon the affirmative defenses presented by
the answer, except that all the material allegations of the an-
swer are unproven and untrue, do not conclude the appellate
court in the presence of evidence so in conflict as to present
but a mere preponderance either way.
2. In such case the appellate court will choose between three courses
of action: Affirm the judgment if clearly supported by a pre-
ponderance of the evidence; reverse if not so supported, order-
ing judgment in accordance with what appears to be the pre-
ponderance of the evidence; or, if that course seems to present
peril of injustice, remand for further trial and findings.
3. In an action of ejectment it appeared, among other things, that
there was more than twenty years' inclosure and physical oc-
cupation for a pasture by the defendant and a series of grantors
in conveyances describing a tract of land not including that in
dispute, but lying immediately south of and inclosed and occu-
pied with it, and that from each such grantor to his grantee
there was delivered the actual physical possession without in-
terval, break, or interruption. *Held*, that thereby was created
privity of possession justifying the tacking of each possession
to its predecessor.

4. In such case the occupancy presented all the characteristics usual in occupation by the owner of such land, and while presumptively it was in subordination to the true legal title, yet when it was shown that the occupancy had continued for twenty years, a contrary presumption arose to the effect that at all times the acts of occupancy had been adverse to the true title and founded upon some claim of exclusive title in the occupant.

5. In such case the burden is thereby cast upon those disputing the adverseness of the possession to overcome such presumption by affirmative proof.

6. In an action of ejectment one defense was twenty years' adverse possession. The court made no specific finding thereon, but found generally that the allegations of the answer were unproven. On review of the evidence, stated in the opinion, it was *held* that it was insufficient to establish a surrender or interruption of the adverse possession established by defendant, and, there being nothing to indicate that other or different evidence could be produced, judgment was ordered confirming defendant's title.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action in ejectment to recover premises described in the complaint as lot 5 of subdivision of fractional lot 7 of section 8, township 22 north and range 6 east, according to Sargent's plat of the city of Grand Rapids, containing about two and one-half acres. Defense was general denial and pleas of the ten and twenty years' statutes of limitation, based upon alleged possession by the defendant and its predecessors in title up to the time of commencing suit. It appeared that there were two government lots in section 8, namely, lot 8 and lot 7, the north line of lot 8 and the south line of lot 7 being the one-eighth section line. Defendant and its predecessors in title hold a chain of conveyances to the north part of lot 8. The premises described in the complaint are in the south part of lot 7. Defendant's predecessors in title had occupied the lands covered by their conveyances as a pasture, inclosed by a fence, which fence also inclosed the premises now in dispute ever since some time prior to 1875. A somewhat incomplete chain of title from the government to

the south part of lot 7, including the land now in dispute, with more, reached Hopkins, Landauer & Friend in 1878, who, however, are not shown to have attempted any actual possession. In May, 1882, these parties received a tax deed from Wood county covering the land in dispute with other lands, which was duly recorded on the same date. Through mesne conveyances the title of Hopkins, Landauer & Friend reached Welcome Hyde, who, on May 11, 1885, conveyed to F. J. M. Closuit a tract of land in the southern part of government lot 7, including with other lands that now claimed. At that time John Arpin held conveyance of the north part of lot 8, and was in possession, using the same as a pasture, the fence around such pasture inclosing the land now in dispute, as hereinbefore stated. There was testimony that in 1885 John Arpin and F. J. M. Closuit had a meeting at which Closuit claimed that the north fence of the pasture was upon his land, and Arpin conceded such to be the fact, and promised that later they would ascertain where the true line was and change the fence thereto. The fence thereafter was repaired from time to time in its old location and never was changed. F. J. M. Closuit is dead, and the plaintiffs are his heirs at law. John Arpin is also dead, and his executors made conveyance to the defendant according to his previous conveyance, describing merely the north part of lot 8, whereupon the defendant went into possession and used as a pasture all that was inclosed within the fence, including the land now in dispute. The court made no findings upon any of the specific issues of fact, but made a general finding to the effect that the plaintiffs are the owners and entitled to the possession of the premises and that the defendant unlawfully withholds the same, and has since January, 1900, and that the allegations of the complaint are true and of the answer unproven, but by opinion filed it is indicated that the court reached the conclusion that the possession of defendant and its predecessors in title of this land outside the

calls of their conveyances, and to which they had no pretense of paper title, was not adverse to the true owner. Accordingly judgment was rendered in favor of the plaintiffs and against the defendant for possession and for $25 damages, from which the defendant appeals.

For the appellant there were briefs by *Goggins & Brazeau,* and oral argument by *T. W. Brazeau.*

*W. E. Wheelan,* for the respondents.

DODGE, J. The conclusion reached by the court upon certain of the issues of fact raised by the pleadings is so conclusive of the action as to render unnecessary of consideration several of the other questions, whether of fact or law.

The answer alleges that the defendant and its grantors have been in continuous, open possession under claim of title exclusive of any other right, and now own the premises by virtue of sec. 4213, Stats. 1898; also that the action was not commenced within the time limited by sec. 4207, Stats. 1898. By this last allegation is presented the issue of fact whether plaintiffs or their predecessors in title have been seised or possessed of the land at any time within twenty years from the commencement of the action. There is no finding by the trial court on either of these issues. The findings merely affirm the issues joined by the general denial of the allegations of the complaint without declaring specifically upon the affirmative defenses presented by the answer. On such issues nothing is found, except that all the material allegations of the answer are unproven and untrue. This does not rise to the dignity of a finding such as concludes this court on appeal in presence of evidence so in conflict as to present but a mere preponderance either way. *Milwaukee Nat. Bank v. Gallun,* 116 Wis. 74, 92 N. W. 567; *Burke v. Sidra Bay Co.* 116 Wis. 137, 141, 92 N. W. 568; *Farmer v. St. Croix P. Co.* 117 Wis. 76, 93 N. W. 830; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 92, 99 N. W. 603; *McKenzie v. Haines,* 123 Wis.

557, 563, 102 N. W. 33.   It but leaves the court in the predicament described in *Brown v. Griswold,* 109 Wis. 275, 280, 85 N. W. 363, with a choice between three courses of action, viz.: to affirm the judgment if clearly supported by preponderance of the evidence; to reverse if not so supported, ordering judgment in accordance with what appears to this court to be the preponderance; or, if that course seems to present peril of injustice, to remand for further trial and findings.

We have examined the evidence carefully and discover no substantial conflict in the testimony of witnesses to specific facts or circumstances, though the inferences to be drawn therefrom may present room for difference of opinion.   There is no question of the more than twenty years' inclosure and physical occupation for a pasture by defendant and a series of grantors in conveyances describing a tract of land not including that in dispute, but lying immediately south of and inclosed and occupied with it.   Neither is there any doubt that from each such grantor to his grantee was delivered the actual physical possession without interval, break, or interruption; thus creating privity of possessions and justifying the tacking of each to its predecessor.   *Wollman v. Ruehle,* 104 Wis. 603, 80 N. W. 919; *Illinois S. Co. v. Budzisz,* 106 Wis. 499, 82 N. W. 534; *Clithero v. Fenner,* 122 Wis. 356, 99 N. W. 1027.   Such occupancy has presented all the characteristics usual in occupation by the owner of such land; such as pasturing cattle upon it, renting it to others for like purposes, and erecting, maintaining, and rebuilding fences marking the limits of the possession so enjoyed.   True, such acts are presumed to have been in subordination to the true legal title until they have continued for twenty years (sec. 4210, Stats. 1898); but when they have continued for that period a contrary presumption arises to the effect that at all times they have been adverse to the true title and founded upon some claim of exclusive title in the occupant.   The burden thereupon is cast upon any one disputing the adverseness of the

possession to overcome such presumption by affirmative proof. *Meyer v. Hope,* 101 Wis. 123, 77 N. W. 720; *Wollman v. Ruehle, supra.* That is claimed to have been done in this case by the testimony of one of the plaintiffs that in 1885, when he was fifteen years old, he heard a conversation between his father, the now deceased F. J. M. Closuit, and John Arpin, who then occupied the disputed premises. Closuit, standing near the easterly end of the fence bounding Arpin's occupancy on the north, said: "John, this fence is on my land." Arpin answered he knew it, but when they got time to have it surveyed they would place the fence on the line. The conversation was, at most, casual, and not part of any negotiations or transaction. It is ambiguous as to whether it referred to some particular spot or portion of the fence. It by no means clearly indicates that Closuit was asserting or Arpin conceding the former's right to the two acres or more occupied by Arpin and not included by his deed. It is, at best, open to such uncertainty as to exact terms, resulting from the twenty years' lapse of time and the youth of the listener. Against its efficacy to break the otherwise apparently adverse occupancy is the fact that the parties to the conversation co-operated in repairing the fence some two years later, and for the ensuing several years of their lives maintained it as the boundary between their respective possessions. These considerations have led the court to the conclusion that the evidence does not establish either a surrender or interruption of John Arpin's possession, nor any seisin or possession by the plaintiffs' ancestor, within the twenty years before commencing this action, which, therefore, must be held barred by sec. 4207, Stats. 1898, irrespective of other defenses. There is nothing to indicate that other or different evidence would be produced if opportunity were given, nor other reason to deter us from ordering the judgment necessarily resulting from the views expressed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for defendant.